ENTERED
FEB 27 1992
ORDER BOOK
NO 95 PAGE 164

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

PARIS WILLIAMS,

    Petitioner,

v.                               Civil Action No. 5:90-1219

UNITED STATES OF AMERICA,

    Respondent.

ORDER

    This matter is before the Court via Petitioner's motion under 18 U.S.C. § 3568 for credit toward sentence for time out on bond. The Petitioner moves the Court for 13 months credit toward her five year sentence claiming that she was in custody within the meaning of 18 U.S.C. § 3568 from her August 11, 1988 arrest until her September 29, 1989 sentencing. Specifically, the Petitioner argues that her pretrial bond conditions of weekly meetings with her probation officer and submitting to random urinalysis put her in custody before her actual incarceration and, therefore, credit toward her sentence should be received for her time out on bond.

    The Defendant claims to have been in custody within the meaning of 18 U.S.C. § 3568. The statute provides, in pertinent part, that "the Attorney General shall give any such person such credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed." 18 U.S.C. § 3568.[1] Yet it is well established that

---

[1] This statute applies to offenses committed before November 1, 1987 when the Federal Sentencing Guidelines went into effect. Randall v. Whelan, 938 F.2d 522, 524 (4th Cir. 1991). As the Petitioner plead guilty to a criminal offense committed before said

conditions of pretrial release do not amount to custody. Custody, under 18 U.S.C. § 3568 and its successor 18 U.S.C. § 3585, contemplates physical incarceration or confinement. <u>United States v. Insley</u>, 927 F.2d 185, 186-7 (4th Cir. 1991) (citations omitted). Clearly, the pretrial conditions the Petitioner complains of do not rise to the level of physical incarceration. Accordingly, Defendant's motion is hereby ORDERED DENIED. It is further ORDERED that this matter is DISMISSED WITH PREJUDICE.

The Clerk is directed to remove this matter from the docket of this Court and send copies of this Order to the petitioner and the United States Attorney for the Southern District of West Virginia.

IT IS SO ORDERED this 27th day of February, 1992.

ENTER:

Elizabeth V. Hallanan
ELIZABETH V. HALLANAN
United States District Judge

---

date, this section of Title 18 applies rather than the successor statute codified at 18 U.S.C. § 3585. The Court notes that though 18 U.S.C. § 3585 refers to "official detention" rather "custody" as in 18 U.S.C. § 3568, nothing in the language of 18 U.S.C. § 3585 itself or its legislative intent indicate a departure from the precedent decided under 18 U.S.C. § 3568. <u>Id</u>.; <u>United States v. Insley</u>, 927 F.2d 185, 186 (4th Cir. 1991).